In Re: Suburban Lines, Inc., Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Public Utility Commission, Respondent.

Argued May 4, 1977, before President Judge Bowman and Judges Crumlish, Jr., Kramer, Wilkinson, Jr., Mencer, Rogers and Blatt. Judge Kramer did not participate in the decision.

*Henry M. Wick, Jr.,* with him *Charles J. Streiff,* and *Wick, Vuono & Lavelle,* for petitioner.

*Joseph J. Malatesta, Jr.,* Assistant Counsel, with him *Barnett Satinsky,* First Assistant Counsel, and *Edward J. Morris,* Counsel, for Respondent.

Opinion by Judge Crumlish, Jr., October 3, 1977:

Suburban Lines, Inc. (Suburban) appeals an order of the Pennsylvania Public Utility Commission (Commission) directing the adoption of a regulation. More particularly, by Notice of Proposed Rule Making published in the Pennsylvania Bulletin on August 9, 1975 (5 Pa. B. 2044-45), the Commission gave notice of a

proposed rule making docket, 75 P.R.M.D. 17, seeking to amend Section 3900 of the Commission's Uniform System of Accounts for Bus Companies. Under the proposed amendment, Section 3900 was to be amended to include as "other operating revenue" monies received by bus companies as operating subsidies or payments for services rendered from any federal, state or local governmental agency. These subsidies or payments would then be subject to the computation of the bus company's assessment liability under Section 1201 of the Pennsylvania Public Utility Law, Act of May 28, 1937, P.L. 1053, *as amended*, 66 P.S. §1461.

Responding by written comment, Suburban and two other parties[1] filed comments in opposition to the inclusion of subsidies received from the Port Authority of Allegheny County (PAT) as assessable operating revenues.

On June 17, 1976, a request was made of the Commission for oral argument with respect to the proposed rule making. The request was denied. By order of June 22, 1976, and entered on June 30, 1976, the Commission directed that the proposed regulation be adopted.[2]

---

[1] The other two opponents were Lincoln Lines, Inc., and Pennsylvania Bus Association.

[2] The order entered by the Commission states:

IT IS ORDERED:

1. That the Uniformed System of Accounts for Bus Company's [sic] and regulations of the Pennsylvania Commission are amended, effective July 1, 1976, by adopting the proposed regulations previously published at 5 PA. B. 2044.

2. The Secretary of this Commission shall submit this order and 5 Pa. B. 2044 to the Department of Justice for approval as to legality as required by law.

3. The Secretary of the Commission shall duly certify this order and deposit the same with the Legislative Reference Bureau as required by law.

4. This order shall take effect upon publication in the Pennsylvania Bulletin.

Following entry of the order by the Commission, Suburban timely filed its petition for review at which time the Commission responded by moving to quash and/or dismiss Suburban's petition in this Court. We dismiss Suburban's appeal.

Simply stated, the Commission argues, and we agree, that no statutory authority exists for appellate review of an order directing adoption of a new regulation or amendment.

Suburban has raised several statutory arguments which it contends support its appeal of both the order and amendment. We shall deal with them *seriatim*.

1. *No appeal lies under Section 1101 of the Public Utility Law, 66 P.S. §1431, from adoption of this amendment.*

Suburban's central contention is that the Commission's action represents an adjudication from which an appeal may be taken pursuant to Section 1101 of the Public Utility Law, 66 P.S. §1431. We cannot agree.

In *Pennsylvania Railroad Co. v. Pennsylvania Public Utility Commission*, 396 Pa. 34, 152 A.2d 422 (1959), our Supreme Court held that adoption of a regulation by the Commission requiring application to and approval by the Commission prior to removal or change in schedule of passenger train operations was a purely legislative act, not adjudicatory in nature and therefore not appealable under Section 1101, 66 P.S. §1431. The Court noted that Section 1001 of the Public Utility Law, 66 P.S. §1391, provides that

> [a]ny public utility . . . may complain of any regulation or order of the commission, *which the complainant is or has been required by the commission to observe or carry into effect.* (Emphasis in original.)

396 Pa. at 38, 152 A.2d at 424.

Thus, if the complaint refers to a regulation promulgated by the Commission, it is cognizable only after

the regulation has been applied to the complaining and allegedly aggrieved party. Adoption of the regulation presently before us is indistinguishable from the *Pennsylvania Railroad* situation and, therefore, we reject Suburban's Section 1101 argument.

2. *No relief is available under the Administrative Agency Law, Act of June 4, 1945, P.L. 1388, as amended, 71 P.S. §1710.1 et seq.*

Suburban asserts that Section 51 of the Administrative Agency Law, 71 P.S. §1710.51, allowing for appeals from adjudications of enumerated and other administrative agencies authorizes appeal from the Commission's action. We disagree because the Administrative Agency Law is not applicable to the Commission.

Section 51 of the Administrative Agency Law, 71 P.S. §1710.51, lists those agencies which are covered by it. The Commission is not specifically listed nor does it fall within the catchall provision of Section 51(a), 71 P.S. §1710.51(a), making the law applicable to "any other agency which has been made subject to the provisions of this Act by any other act of Assembly." Suburban asserts that Section 12 of the Act of March 31, 1937, P.L. 160, *as amended*, 66 P.S. §463, subjects the Commission to the provisions of the Administrative Agency Law. That section states:

Subject to the provisions of this act, the Pennsylvania Public Utility Commission shall have all the powers, and shall perform the duties generally vested in, and imposed upon, independent administrative boards and commissions by the act, approved the ninth day of April, one thousand twenty-nine (Pamphlet Laws, one hundred seventy-seven), designated as *'The Administrative Code of 1929,' and its amendments,* and shall be subject to all provisions of such code which apply generally to in-

dependent administrative boards and commissions. (Emphasis added.)

However, the Administrative Code of 1929 differs from the Administrative Agency Law. It is also clear that the Administrative Agency Law was not promulgated as an amendment to the Administrative Code. The title to the Administrative Agency Law negates any conclusion that it was enacted as an amendment.

AN ACT

Relating to the practice, procedure, regulations and adjudications of departments, departmental administrative boards and commissions, independent administrative boards and commissions, officers and other administrative agencies of this Commonwealth, and judicial review thereof, and preserving equitable jurisdiction in certain cases.

If the legislature had intended the Administrative Agency Law to be an explicit amendment to the Administrative Code of 1929, that intent would have been expressed in the preamble as normally found in other amending legislation. Accordingly, we conclude that the Administrative Agency Law is not applicable to the Commission.

We also note that the Administrative Code of 1929 contains provisions of general applicability not covered by the Public Utility Law, which are necessary to the administration of the Public Utility Law, whereas the Administrative Agency Law regulates the conduct of hearing and appeals, subjects which are covered by the Public Utility Law.

3. *Section 1201 provides no recourse from the asserted assessment of Suburban.*

Suburban's contention that Section 1201 of the Public Utility Law, 66 P.S. §1461, prohibits the implementation of the instant regulation goes to the merits of said regulation and as such is irrelevant to our con-

sideration. Moreover, Section 1201(d) and (e) lend considerable support to the Commission's position.

Section 1201(d) of the Public Utility Law, 66 P.S. §1461, provides that upon receipt of notice of assessment by the utility, the utility *must* pay the assessment regardless of whether the utility wishes to assert a claim of invalidity of the assessment, and it further provides that the proper available remedy is a suit for refund. In no way is direct appeal under Section 1201 sanctioned.

Section 1201(e), 66 P.S. §1461(e), provides that the suit for refund as challenge to the assessment "shall be exclusive of all other remedies and procedures."

. According, we

### ORDER

AND Now, this 3rd day of October, 1977, the appeal of Suburban Lines, Inc., is hereby dismissed and the Commission's motion to dismiss is granted.

Judge KRAMER did not participate in the decision in this case.